# CARMODY v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, May 24, 1905.

1. **APPELLATE JURISDICTION: Constitutional Question.** In order to give the Supreme Court appellate jurisdiction on the ground that a constitutional question is involved, a specific constitutional guaranty must have been invoked in the trial court and must have been denied in that court. The only exception to this rule is where a constitutional question is necessarily involved.

2. ——: ——: **Exception to Instruction: Nine-Jury Law.** The appellant did not raise a constitutional question by merely excepting to the giving of an instruction authorizing nine of the jury in a civil case in the circuit court to render a verdict. Such an exception contains no reference to the Constitution.

3. ——: ——: **By Motion for New Trial: Nine-Jury Law.** Appellant in his motion for a new trial charged the court with error in authorizing nine of the jury to render a verdict, "it being contrary to the Constitution of the State for a verdict to be rendered by less than all the panel." *Held,* that as the Constitution, as amended in 1900, authorizes three-fourths of the jury to render a verdict in a civil case tried in the circuit court, no question is by the motion raised as to the legality of the adoption of the amendment, and no constitutional question is directly raised by the motion.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

*A. R. Taylor* for respondent.

MARSHALL, J.—This is an action for damages. The petition is in two counts. The first of which alleges that the plaintiff on the 18th of May, 1901, while a passenger on one of defendant's cars in the city of St. Louis, was, by defendant's servants in charge of the car, unlawfully assaulted, etc., for which $5,000 actual damages, and $10,000 punitive damages, are asked.

The second count alleges that the defendant's servants, whilst acting within the scope of their employment, falsely arrested the plaintiff while on said car, as aforesaid, for which $5,000 actual damages, and $10,000 punitive damages, are asked.

The answer is a general denial. There was a verdict for the plaintiff for $500 actual and $1 punitive damages on each count, aggregating $1,002. After proper steps the defendant appealed.

In the view hereinafter taken, it is not necessary or proper to state the facts in controversy. The court, upon its own motion, instructed the jury as follows:

"The court instructs you that nine of your number have power to determine the verdict in this cause, and that when nine of your number have agreed upon a verdict, the jurors agreeing upon a verdict should sign it, and the jury should thereupon return it into court as the verdict of the jury. If the jury is unanimous in agreeing upon a verdict, it should be signed by the foreman only."

The record contains the following recital:

"To which action and ruling of the court, in giving said instruction and authorizing less than the whole of the panel to find a verdict in this cause, the defendant, at the time, excepted."

After the verdict, the defendant filed a motion for a new trial, the fourth ground whereof was as follows:

"Because the court improperly gave upon its own motion instruction numbered 1, authorizing and directing a verdict to be rendered by nine of the panel, and without the concurrence of the other three, it being contrary to the Constitution of the State for a verdict to be rendered by less than all of the panel."

Upon this state of the record it is claimed that this court has appellate jurisdiction because a constitutional question is involved.

## I.

*Appellate Jurisdiction.* The rule is now definitely settled that in order to give this court appellate jurisdiction on the ground that a constitutional question is involved, a specific constitutional guaranty must have been invoked in the trial court, and must have been denied by that court. [State ex rel. Horton v. Bland, 186 Mo. l. c. 701, and cas. cit.] The only exception to this rule is where a constitutional question is necessarily involved. [Idem, l. c. 701.]

When the trial court gave the instruction above quoted, the defendant simply excepted. It invoked no constitutional protection whatever. It pointed out no provision of the Constitution which was violated by the instruction. In short, it made no reference whatever to the Constitution.

In its motion for a new trial the defendant alleged that the court improperly gave the instruction, "It being contrary to the Constitution of the State for a verdict to be rendered by less than all of the panel." At

its fortieth session the General Assembly of this State, in January, 1899, adopted a joint and concurrent resolution, submitting to the qualified voters of this State an amendment to section 28 of article 2 of the Constitution, authorizing three-fourths of a jury to render a verdict, in civil cases, in courts of record. Said amendment to be voted upon at the general election to be held on the Tuesday following the first Monday in November, 1900. Said amendment was so voted upon, and adopted, and thereby it became a part of the organic law of the State.

There is nothing in this record which in any manner impairs or militates against the proposal or adoption of said amendment, or which in any manner raises any question in reference thereto. So far as appears from this record that amendment is now as much a part of the Constitution as any other feature thereof. The defendant raised no question in reference thereto, either at the time the instruction was given, or by its motion for new trial, nor in fact, did it in any manner refer to the amendment. The court, however, takes judicial notice of the fact that such an amendment was adopted by the people. If the defendant desired to challenge any step that was taken in the adoption thereof it should have specifically pointed out the same and have assigned specific reasons or grounds why said amendment should not now be considered and recognized as a part of the Constitution of the State. It failed so to do. There is, therefore, no constitutional question involved in this case, and hence this court has no jurisdiction of the case, for the case does not come within any of the other classes of cases in which this court has appellate jurisdiction.

Having no appellate jurisdiction, this court has no power to make any order in the case, except to transfer it to the St. Louis Court of Appeals, which is accordingly done.

All concur.